UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HART, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF REDWOOD CITY, et al.,<br><br>    Defendants. | Case No. 4:21-cv-02653-YGR  (KAW)<br><br>**ORDER REGARDING 9/21/22 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 58 |

On September 21, 2022, the parties filed a joint discovery letter regarding the validity of the subpoenas[1] seeking the opposing parties' police practices experts' personnel files, including each respective expert's qualifications, discipline record, and work history. (Joint Letter, Dkt. No. 58.) Discovery in this case, including this pending letter, were referred to the undersigned on October 25, 2022.

Here, Defendants do not object to Plaintiffs' subpoena for the personnel files of their police practices expert.[2] (Joint Letter at 1.) Thus, this letter pertains only to Plaintiffs' attempt to prevent the disclosure of the personnel files of their retained expert, Adam Bercovici, on the grounds that the subpoena is inappropriate and violates his right to privacy. *Id.* Defendants argue that both experts have waived their privacy rights due to their election to participate in this case as paid experts, and that the requested information is relevant to verifying their qualifications and assessing credibility and bias. *Id.*

First, Plaintiffs argue that California statutes pertaining to peace officer personnel records

---

[1] The parties did not attach copies of the respective subpoenas to the joint letter, so the undersigned did not have the benefit of reviewing them prior to issuing this order.
[2] The fact that Defendants' expert was not in law enforcement is irrelevant. (*See* Joint Letter, Dkt. No. 58 at 3.)

should prevent the disclosure of Bercovici's records. (Joint Letter at 2.) California statutes and case law, however, do not prevent the discovery of police personnel records in federal civil rights cases, because it would "make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central purpose is to protect citizens from abuses of power by state and local authorities." *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). While federal courts should give some weight to state privacy laws, none of those rights appear to be implicated here. Furthermore, as Defendants argue, Bercovici's expert testimony is based on his 30 years of law enforcement experience with the Los Angeles Police Department ("LAPD"), so they are entitled to conduct discovery into his employment and his actions as an officer. (Joint Letter at 3.) Thus, Defendants have satisfied their burden under Rule 26 of showing that Bercovici's personnel records are relevant and proportional to the needs of the case. Moreover, the undersigned finds that the stipulated protective order adequately protects Bercovici's privacy interests in his personnel records.

Second, in objecting to the subpoena, Plaintiffs assert the official information privilege. (Joint Letter at 2.) Bercovici was employed by LAPD, so the official information privilege belongs to the public entity, rather than to Plaintiffs or Bercovici. *See Kelly*, 114 F.R.D. at 660 (courts must weigh interests of party seeking discovery against interests of governmental entity asserting official information privilege). While Plaintiffs expect that LAPD will object and assert the official information privilege, that has not occurred despite the subpoenas having been served more than a month ago, so the undersigned declines to quash Defendants' subpoena on that speculatory basis.

Accordingly, the Court finds that the personnel files for the parties' respective police practices experts are discoverable, and orders that the records be produced within 14 days of this order.

IT IS SO ORDERED.

Dated: November 7, 2022

_____
KANDIS A. WESTMORE
United States Magistrate Judge